IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MICH AUREL, #317239 | * | |
| Plaintiff | | |
| v. | * | CIVIL ACTION NO. ELH-17-3624 |
| CHRIS TALLEY | * | |
| THOMAS L. SIRES | | |
| S. BEEMAN | * | |
| J. YUTZY | | |
| WOOLFORD | * | |
| Defendants. | | |
| | ****** | |

### **MEMORANDUM**

On December 6, 2017, the court received a prisoner civil rights action (ECF 1), along with exhibits, (ECF 1-2) and a motion for leave to proceed in forma pauperis (ECF 2) filed by Mich Aurel,[1] an inmate confined at the North Branch Correctional Institution ("NBCI"). Aurel states that on May 3, 2016, his personal and legal property was confiscated and inventoried. The property, excluding a Torah, family photographs and correspondence, is valued at approximately $1,234.00. Aurel contends that the Torah, family photographs, and mail have a total value of $1,150,000.00. He complains that on June 25, 2016, he was informed that his property was destroyed by defendants, including two boxes of legal materials, discovery, transcripts for his criminal case, a number of law and religious books, and a number of family photographs and family mail. ECF 1 at 2-5.[2] He seeks $100,151,234 in damages. *Id*. at 6.

---

[1] The Maryland Department of Public Safety and Correctional Services ("DPSCS") lists plaintiff as Mich Aurel on its "inmate locator" website. Although plaintiff was prosecuted as Aurel Mich in the Maryland courts, I will refer to him per the DPSCS designation of Mich Aurel.

[2] All page citations refer to the electronic pagination that appears through CM/ECF.

This case represents one of thirty-eight actions Aurel has filed in this court over the past five years.[3] In three of those cases Aurel was granted leave to proceed in forma pauperis pursuant to the provisions of 28 U.S.C. § 1915(a). Those cases were dismissed as frivolous or for the failure to state a claim. Aurel was notified that the dismissals constituted "strikes" under § 1915(e),[4] and that a prisoner is not allowed to bring a civil action under the provisions of 28 U.S.C. § 1915 if he "has,

---

[3] In addition to this action, Aurel has filed thirty-seven cases in this court, all but four of which have been assigned to me. They are *Aurel v. United States.*, Civil Action No. JKB-11-1297 (D. Md.); *Aurel v. Wexford*, Civil Action No. ELH-13-3721 (D. Md.); *Aurel v. Jefferson, et al.*, Civil Action No. ELH-14-352 (D. Md.); *Aurel v. Shearin, et al.*, Civil Action No. ELH-14-374 (D. Md.); *Aurel v. Jessup Correctional Institution Mail Room,* Civil Action No. ELH-14-958 (D. Md.); *Mich v. Nice, et al.*, Civil Action No. JKB-14-1397 (D. Md.); *Aurel v. North Branch Correctional Institution, et al.*, ELH-14-3036 (D. Md.); *Mich v. Yacenech, et al.*, Civil Action No. JKB-14-1473 (D. Md.); *Aurel v. Wexford Health Sources, Inc., et al.*, Civil Action No. ELH-15-1797 (D. Md.); *Aurel v. Pennington, et al.,* Civil Action No. JKB-14-1859 (D. Md.); *Aurel v. Mail Room at North Branch Correctional Institution, et al*., ELH-14-2813 (D. Md.); *Aurel v. Warden*, ELH-15-258 (D. Md.); *Aurel v. Warden*, ELH-15-1127 (D. Md.); *Aurel v. Warden.*, ELH-15-1128 (D. Md.); *Aurel v. Miller, et al.*, ELH-15-1422 (D. Md.); *Aurel v. Kammauf, et al.*, ELH-15-1581 (D. Md.); *Aurel v. Gainer, et al.*, ELH-15-1750 (D. Md.); *Aurel v. Twigg*, ELH-15-1920 (D. Md.); *Aurel v. Jones, et al.*, ELH-15-1928 (D. Md.); *Aurel v. Rose.*, ELH-15-2604 (D. Md.); *Aurel v. Thrasher*, ELH-15-3142 (D. Md.); *Aurel v. Sawyers, et al*., Civil Action No. ELH-16-280 (D. Md.); *Aurel v. North Branch Correctional Institution, et al.*, Civil Action No. ELH-16-850 (D. Md.); *Aurel v. North Branch Correctional Institution, et al.*, Civil Action No. ELH-16-851 (D. Md.); *Aurel v. Wexford Health Sources, et al.*, Civil Action No. ELH-16-1293 (D. Md.); *Aurel v. Warden*, Civil Action No. ELH-16-1494 (D. Md.); *Aurel v. Nines*, Civil Action No. ELH-16-1839 (D. Md.); *Aurel v. Fornay, et al*., Civil Action No. ELH-16-2941 (D. Md.); *Aurel v. Nines, et al.*, Civil Action No. ELH-16-2942 (D. Md.); *Aurel v. Bohrer*, Civil Action No. ELH-16-3858; *Aurel v. Wexford Health Sources, Inc., et al.*, Civil Action No. ELH-17-335 (D. Md.); *Aurel v. Wexford Health Sources, Inc., et al.*, Civil Action No. ELH-17-336 (D. Md.); *Aurel v. Wexford, et al.*, Civil Action No. ELH-17-1201 (D. Md.); *Aurel v. United States of America/Maryland State*, Civil Action No. ELH-17-1230 (D. Md.): *Aurel v. United States of America, et al.*, Civil Action No. ELH-17-2158 (D. Md.); *Aurel v. Kammauf, et al.*, Civil Action No. ELH-17-3137 (D. Md.); *Aurel v. Hammons, et al.*, Civil Action No. ELH-17-3138 (D. Md.); and *Aurel v. Zies, et al.*, Civil Action No. ELH-17-3520.

[4] *See Mich v. Nice, et al*., Civil Action No. JKB-14-1397 (D. Md.); *Aurel v. Gainer, et al.*, ELH-15-1750 (D. Md.); and *Aurel v. Jones, et al.*, ELH-15-1928 (D. Md.).

on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).[5]

Because Aurel has had three cases previously dismissed under 28 U.S.C. § 1915(g), he may not procced in this action unless he (1) submits the full $400.00 civil filing fee or (2) moves to proceed in forma pauperis and provides particularized factual allegations establishing that he is subject to imminent danger of serious physical injury. Aurel does not allege that he faces imminent danger of serious physical injury at the time he filed his complaint, and there is no plausible basis for concluding such a danger exists. *See Sayre v. King*, 2014 WL 4414509, * 3 (N.D. W.Va. 2014) (prisoner's claim that he was denied access to all of his legal materials does not rise to the level of imminent danger of serious physical injury satisfying § 1915(g) exception).

In contrast, this court has permitted Aurel to proceed with a suit against Wexford Health Sources, Inc. and others. *See Aurel v. The Staff of Wexford Health Sources, Inc., et al.*, Civil Action No. ELH-17-1201. In that case, the court granted Aurel leave to proceed in forma pauperis. The allegations raised here do not overcome the bar of 1915(g).

---

[5] Specifically, §1915(g) mandates:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

To the extent that Aurel is claiming that his personal property was destroyed, he is advised that in such cases sufficient due process is afforded an inmate if he has access to an adequate post-deprivation remedy. *See Parratt v. Taylor,* 451 U.S. 527, 542–44 (1981), *overruled on other grounds by Daniels v. Williams,* 474 U.S. 327 (1986). The right to seek damages and injunctive relief in Maryland courts constitutes an adequate post deprivation remedy. *See Juncker v. Tinney,* 549 F.Supp. 574, 579 (D. Md. 1982). The Supreme Court extended its *Parratt* holding to intentional deprivations of property. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984). Therefore assuming Aurel's personal property was lost or intentionally taken as he implies, such a claim does not rise to a constitutional violation.

Aurel is again cautioned that should he attempt to file a future civil rights action in this court, it must be accompanied by the civil filing fee, unless it contains substantive allegations that Aurel is in imminent danger of serious physical harm.

Accordingly, Aurel's motion to proceed in forma pauperis shall be denied and his complaint shall be dismissed, without prejudice, by separate Order.


Date: December 8, 2017　　　　　　　\_\_\_\_\_/s/_____
　　　　　　　　　　　　　　　　　　Ellen L. Hollander
　　　　　　　　　　　　　　　　　　United States District Judge